Dear Mr. Pizza:
You have requested an opinion of the Attorney General, in your capacity as attorney for the Assumption Parish Hospital Service District No. 1 (the "District"). Your question pertains to the continuation of health insurance on employees of the District who may be terminated as a result of its sale to a nonprofit hospital.
You state that the District offers to its employees a group health self-insurance plan administered by a third party.
The District has entered into an agreement with a nonprofit hospital whereby substantially all of the District's assets will be purchased as a result of a resolution passed by the voters at an election held on November 5, 1996. The purchaser will continue to operate the emergency room at the District's facility and may hire some of the current employees to staff its operation. However, when the sale is consummated, the District will cease doing business in an active fashion and will terminate the remaining personnel.
You further state that the District intends to terminate all of its employee benefit plans, including the group health self-insurance plan once the sale is consummated. You specifically ask whether the termination of the District's health insurance plan is subject to the health insurance continuation provisions of R.S. 22:215.13.
Initially, you note that a provision in the District's insurance plan relating to termination provides:
 "Plan termination. The employer may terminate the Plan at any time. Upon termination, the rights of participants to benefits are limited to claims incurred and due up to the date of termination. Any termination of the Plan will be communicated to participants."
R.S. 46:1064(A) constitutes hospital service districts as political subdivisions of the state. As you note in your request, the Public Health Service Act found at 42 U.S.C. § 300bb-1, etseq., generally requires employers to provide terminated employees with group health benefits for extended periods as defined in the Act. Ordinarily, this "continuation coverage"
lasts for eighteen (18) months after an employee is terminated. See § 300bb-2(2)(A). However, Section 300bb-2(2)(B) provides that continuation coverage ends if the employer terminates the group benefit plan, itself. Thus, under federal law, the District is not required to allow terminated employees to continue to participate in the group health plan because there will no longer be a plan in existence.
As you correctly note in your request, Louisiana law reaches the same conclusion with respect to the continuation of coverage.R.S. 22:215.13(G)(4) provides, in pertinent part, as follows:
 "G. Continuation of insurance under the group policy for any person shall terminate on the earliest of the following dates:
* * *
 (4) The date on which the group policy is terminated . . . "
Assuming arguendo Section 215.13 applies to the District, it would appear that the District has no obligation to allow employees to continue to receive benefits under the group health plan once the plan is terminated. We focus now on the employees right to convert their coverage.
Under 42 U.S.C. § 300bb-2(2)(A) and 2(5) a terminated employee is entitled to convert from the former employer's group policy to an individual policy only when (1) the employee's eighteen months continuation coverage has expired; and (2) there is a generally-available individual policy. Neither of these conditions will be met in the District's case since (1) no employee will have a continuation of coverage and (2) the District does not offer a generally-available individual policy to which the employees could convert.
Under Louisiana law, R.S. 22:215.13(G)(4) grants a conversion privilege to certain employees when the employer terminates the existing group health plan. Pursuant to this Section, when the group policy is terminated, the employees shall have a conversion privilege if the date of termination precedes that on which his actual continuation of insurance under that policy would have terminated. In this case the insurer that insured the group prior to the date of termination is required to make a converted policy available to the employee. The issue presented for our determination is whether Section 215.13 applies to group health insurance plans that are self-funded by the District, a political subdivision of the State of Louisiana.
We have reviewed the relevant provisions of Title 22 of theLouisiana Insurance Code and find the following Sections to be dispositive of your question.
R.S. 22:5(1)(a) provides the following:
 "In this code, unless the context otherwise requires, the following definition shall be applicable:
 (1)(a) `Insurance' is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. It shall include any trust, plan or agreement, popularly known as employee benefit trusts, not specifically exempted from state regulations under Public Law 93-406 except collectively bargained union welfare plans, single employer plans or plans of the state for political subdivisions." [Emphasis added.]
Further, we draw your attention to R.S. 22:3002(1)(a) which defines `self-insurance plan'. Paragraph (1)(b) specifically exempts plans of political subdivisions from the definition of self-insurance plan".
Accordingly, and in answer to your question, R.S. 22:5(1)(a) and3002(1)(b) exempt the District from provisions that would otherwise require it to afford a continuation and/or conversion of health insurance coverage to its employees. To the extentAttorney General Opinion No. 96-479 conflicts with the opinions expressed herein, it is recalled.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla